IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID SANDERS,**

**Plaintiff,**

**v.**

**U-HAUL INTERNATIONAL INC.,**
**U-HAUL OF ARIZONA, and**
**AMERCO,**

**Defendants.**                                             **No. 05-CV-0684-DRH**

## ORDER

**HERNDON, District Judge:**

On August 4, 2005, Plaintiff, David Sanders, by and through his attorney, Charles Chapman, filed suit against Defendants in the Madison County, Illinois Circuit Court (Doc. 2). On September 26, 2005, Defendant U-Haul Co. of Arizona removed the case to this Court based on diversity jurisdiction (Doc. 1). Thereafter, Plaintiff's counsel moved to withdraw as attorney from the case and to allow Plaintiff 120 days to have new counsel enter an appearance (Doc. 6). On October 21, 2005, the Court granted Plaintiff's counsel's motion to withdraw and allowed Plaintiff 120 days for new counsel to enter an appearance (Doc. 7). On October 26, 2005, Defendants filed a motion to dismiss for lack of jurisdiction (Doc. 8). On February 13, 2006, the Court advised Sanders that he was proceeding pro se as new counsel had not entered an appearance, that he had not responded to the motion to dismiss, and that the failure to respond may result in the motion being

granted (Doc. 11). The Court also allowed Sanders up to and including February 27, 2006 to respond to the motion to dismiss and to utilize the Local Rules of this Court, the Federal Rules of Procedure and any applicable case law in responding. On February 23, 2006, Sanders filed a pleading stating that he would like to continue the case and that Defendants have destroyed valuable evidence therefore he is having trouble finding another attorney (Doc. 12).

Obviously, Sanders' "response" is not a proper response to the motion to dismiss as he did not address any of Defendants' arguments or cite case law, statutes or rules as the Court advised. In light of the fact that Sanders is proceeding pro se, the Court **ALLOWS** Sanders up to and including Friday, March 17, 2006 to file a proper response to Defendants' motion. The Court again **NOTIFIES** Sanders that in the event he fails to respond to the motion to dismiss by March 17, 2006, the motion to dismiss may be granted. In responding to the motion to dismiss, Sanders should utilize the Local Rules of this Court, the Federal Rules of Procedure and any applicable case law.

**IT IS SO ORDERED.**

Signed this 28th day of February, 2006.

/s/         David   RHerndon
**United States District Judge**