IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID SANDERS,**

**Plaintiff,**

**v.**

**U-HAUL INTERNATIONAL INC.,**
**U-HAUL OF ARIZONA, and**
**AMERCO,**

**Defendants.**                                        No. 05-CV-0684-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Procedural Background

Pending before the Court is Defendants Amerco and U-Haul International., Inc's motion to dismiss (Doc. 8). Specifically, Defendants move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) arguing that neither one of them are subject to personal jurisdiction in Illinois under the Long-Arm Statute. Plaintiff opposes the motion (Doc. 23).[1] Based

---

[1] Plaintiff's response also contains an objection to the Court's March 31, 2006 Order denying leave to conduct discovery on the issue of personal jurisdiction. Specifically, Plaintiff asks the Court to alter or amend its order denying discovery on the issue of personal jurisdiction arguing that Sanders is not the typical pro se litigant and that because of the accident at issue in this case he is unable to remember day to day proceedings and understand instructions. Since this objection/response was filed ten days of entry of the Order, the Court construes this portion of Plaintiff's response as being brought under **FEDERAL RULE OF CIVIL PROCEDURE 59(e)**. Motions for reconsideration under **Rule 59(e)** are designed "to correct manifest errors of law or fact or to present newly discovered evidence." ***Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995))**. Rather, a

on the applicable law, the pleadings and the following, the Court grants Defendants' motion.

On August 4, 2005, Plaintiff David Sanders filed suit against U-Haul International, Inc., U-Haul of Arizona, and Amerco for product liability (Counts I, IV, and VII), negligence (Counts II, V, and VIII) and breach of contract (Counts III, VI, and IX) in the Madison County Illinois Circuit Court (Doc. 2).[2] This action arises from an August 5, 2004 accident involving a truck and trailer which was rented by David Sanders in Florida. Sanders alleges that truck and trailer "went out of control when plaintiff was operating it on Interstate-24 and the truck crossed the median, crashed, and caused plaintiff injuries for which he has incurred and will incur medical expenses." (Doc. 2; Counts I-IX, ¶ 4). The accident occurred in Kentucky (Docs. 9 & 23). Sanders' complaint alleges that he rented the truck and trailer from Defendants, that he entered into a contract for the rental of the truck and trailer with Defendants and that Defendants rented a truck that had defective conditions (Doc. 2).

On September 26, 2005, Defendant U-Haul Co. of Arizona removed the

---

**Rule 59(e)** motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. ***LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986))**. The decision of whether to grant or deny a **Rule 59(e)** motion "is entrusted to the sound judgment of the district court." ***In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996)**. Here, Plaintiff's objection merely takes umbrage with the Court's ruling and rehashes old arguments. He has not presented newly discovered evidence nor established a manifest error of law or fact to cast doubt on the Court's prior ruling. The Court **denies** Plaintiff's objection.

[2]According to the Notice of Removal, Plaintiff incorrectly named U-Haul Co. of Arizona as U-Haul of Arizona (Doc. 1). The Court will use it correct named throughout this Order.

case to this Court based on diversity jurisdiction, **28 U.S.C. § 1332, 1441,** and **1446** (Doc. 1). On October 21, 2006, Sanders' counsel of record, Charles W. Chapman, Chartered and the Lakin Law Firm, P.C., filed a motion to withdraw as counsel (Doc. 6). In addition to moving to withdraw, counsel of record asked the Court to allow Sanders 120 days from the date of the Court's Order to obtain new counsel. That same day, the Court granted the motion to withdraw and allowed Sanders 120 days to have new counsel enter an appearance on his behalf (Doc. 7). Thereafter, on October 26, 2005, Defendants Amerco and U-Haul International, Inc., filed a motion to dismiss for lack of personal jurisdiction (Doc. 8).

On February 13, 2006, the Court entered an Order informing Sanders he was proceeding pro se as the 120 days had passed to have counsel enter an appearance (Doc. 11). The Order also informed Sanders of the pending motion to dismiss, that as of that date he had failed to respond to the motion to dismiss and under the Local Rules that failure to respond may result in the motion being granted, and allowed Sanders up to and including February 27, 2006 to file a response. On February 23, 2006, Sanders filed a pleading stating that he would like to continue the case and that Defendants have destroyed evidence therefore he is having trouble finding another attorney (Doc. 12). On February 28, 2006, the Court entered another Order allowing Sanders up to and including March 17, 2006 to file a response (Doc. 13). In that Order, the Court noted that Sanders' "'response' is not a proper response to the motion to dismiss as he did not address any of Defendants' arguments or cite case law, statutes or rules as the Court advised." and again the

Court informed Sanders of the consequences of failing to respond to the motion to dismiss (Doc. 13, p. 2).

On March 17, 2006, Sanders instead of filing a response to the motion to dismiss filed a motion for extension of time so that his new counsel can enter an appearance (Doc. 14). On March 21, 2006, the Court granted Sanders' motion, allowed him up to and including March 31, 2006 and again admonished him of the failure to timely respond (Doc. 15). Thereafter, Sanders, by and through attorney, Tom Maag, filed a motion for leave to conduct limited discovery on the issue of personal jurisdiction (Doc. 20).[3] On March 31, 2006, the Court entered an order denying Sanders' motion for leave to conduct discovery finding that "allowing discovery on this issue would be prejudicial to Defendants. Further, Plaintiff should have resolved this issue well before filing the instant lawsuit." (Doc. 22). The Court further allowed Sanders up to and including April 7, 2006 to file his response to the pending motion to dismiss.

After many extensions of time, Plaintiff filed his response and objection to the motion to dismiss for lack of personal jurisdiction on April 6, 2006 (Doc. 23). Defendants filed their reply on April 14, 2006 (Doc. 25). The Court now turns to address the merits of the motion.

---

[3] On March 23, 2006, Attorney Tom Maag filed an entry of appearance on behalf of Sanders and a motion to leave to conduct limited discovery on the issue of personal jurisdiction (Docs. 16 & 17). However, the Clerk of the Court struck those pleadings for failure to attach a certificate of service. The documents were re-filed on March 28, 2006 (Docs. 19 & 20).

## II. Motion to Dismiss for Lack of Personal Jurisdiction

Once a defendant moves to dismiss pursuant to **Federal Rule of Civil Procedure 12(b)(2)**, a plaintiff has the burden of establishing the existence of personal jurisdiction over an out of state defendant. ***Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (internal citations omitted)**. A plaintiff must provide sufficient evidence to establish at least a *prima facie* case of personal jurisdiction. ***Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir.1987)**. In determining whether personal jurisdiction exists over a defendant, the Court may consider affidavits submitted by the parties. ***Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983)**. Unless controverted by the defendant's affidavits, the allegations in the complaint are to be accepted as true. ***Turnock*, 816 F.2d at 333 (7th Cir. 1987)**.

Because this is a diversity suit, this Court may exercise jurisdiction over Defendants only to the extent that an Illinois court could do so. ***Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995)**. Under Illinois law, personal jurisdiction exists based on certain enumerated bases, such as "the transaction of any business" within the state, **735 ILCS 5/2-209(a)(1)**, as well as "any other basis" permitted under the Illinois and United States Constitutions. ***Id.* 5/2-209(c))**. Because Illinois courts have not elucidated any "operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," the two constitutional analyses collapse into one. ***Hyatt Int'l Corp. v. Coco*, 302 F.3d 707,**

**715 (7th Cir. 2002)**.

Federal due process permits personal jurisdiction over nonresident individuals and corporations only when the defendant has had "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" ***International Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940))**. "What that standard means in a particular case depends on whether the state asserts 'general' or 'specific' jurisdiction." ***RAR,* 107 F.3d at 1277**. General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum state; specific jurisdiction means that the plaintiff's claims "arise[ ] out of or relate[ ] to the defendant's contacts with the forum." ***Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn. 8-9, 416 (1984)**. To determine whether specific jurisdiction exists, the Court must decide whether Defendants have "purposefully established minimum contacts" within Illinois. ***Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, (1985)**. "Crucial to the minimum contacts analysis is showing that the defendant 'should reasonably anticipate being haled into court [in the forum State],' because the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities' there." ***RAR,* 107 F.3d at 1276 (quoting *Burger King*, 471 U.S. at 474-75)**.

Defendants argue that the Court lacks personal jurisdiction over them as neither are in the business of renting or maintaining trucks, did not own the truck

and trailer involved in the accident, and did not rent the truck to Plaintiff (Doc. 9, Exhibits A & B).  Defendants further argue that neither are registered to do business in Illinois; they have not transacted business in Illinois, they have no employees in Illinois, they do not maintain offices in Illinois, they do not own real estate in Illinois and they do not own bank accounts or other property in Illinois (Doc. 9, Exhibits A & B).

As to U-Haul International, Plaintiff responds that pursuant to the terms of a property management agreement it manages self storage locations under the U-Haul name in Alsip, Illinois; Aurora, Illinois; Crystal Lake, Illinois and Naperville, Illinois.  In support of this assertion, Sanders submits his own affidavit (Doc. 23; Exhibit A, ¶ 12).  Sanders further contends that after his accident a women named Ada Smith contacted him, identified herself as being with U-Haul International, Inc., and stated that U-Haul International would take of this matter.  In support of this assertion, Sanders again submits his own affidavit (Doc. 23; Exhibit A, ¶ 8).  Sanders also maintains that U-Haul International, Inc., pays commissions to U-Haul personnel in Illinois and that it has an area field man name Steven Wheeler.  Again, Sanders offers his own affidavit to support these facts (Doc. 23; Exhibit A, ¶¶ 10 & 11).  Sanders also contends that U-Haul International manufactured the trailer in question.  (Doc. 23; Exhibit A, ¶ 4).  Lastly, Plaintiff attaches to his affidavit two phone book pages that contains dozens of U-Haul locations in Illinois.  As to Amerco, Plaintiff maintains that Amerco is the corporate parent of U-Haul International and that Steven Wheeler is its area field man.

In its reply, Defendants counter that Plaintiff's phone book exhibit merely shows that there are numerous "U-Haul" facilities in Illinois. Defendants maintain that none of them are owed by, or are franchises of, U-Haul International, Inc. or Amerco. Further, U-Haul International, Inc., does not pay commissions to U-Haul personnel in Illinois. Further, Defendants contend that they do not have employees in Illinois. As to the lady that contacted Plaintiff (an Ada Smith), Defendants contend that U-Haul International does not have an employee by the name of Ada Smith (Doc. 25; Exhibit A, ¶ 7 & Exhibit B, ¶ 7). Defendants believe that Plaintiff had contact with Ada M. Scarff following the accident and that Ms. Scarff is an employee of the Republic Western Insurance Company and not an employee of either Defendants (Doc. 25; Exhibit A, ¶ 7 & Exhibit B, ¶ 7). As to manufacturing the trailer, Defendant argues that Plaintiff's complaint does not allege that the trailer was the impetus of the accident, instead the complaint alleges that the accident was due to a defective steering mechanism and the drive train including the transmission in the truck that Plaintiff claims was manufactured by Ford Motor Company.

The Court agrees with Defendants. Plaintiff has not established with sufficient evidence that either general or specific jurisdiction exists over U-Haul International, Inc. or Amerco in this case. Based on the record, the Court does not find any facts that would show that Plaintiff's accident arose out of or related to Defendants' contacts with Illinois to support specific jurisdiction. Defendants do not own real estate in Illinois, do not have employees in Illinois, do not maintain offices in Illinois and do not own bank accounts or property in Illinois. It is apparent from

the record that Plaintiff did not rent the truck and trailer to Plaintiff.  A reprint of the truck rental contract reveals that Plaintiff rented the truck from U-Haul Co. of Florida (Doc. 9, Exhibit C).  Further, the Court the Court does not find continuous and systematic general business contacts with Illinois to support general jurisdiction. Defendants have not purposely availed themselves to the protections of Illinois law. It appears that Amerco and U-Haul International have no connection whatsoever to this action.

### III. Conclusion

Accordingly, the Court **GRANTS** Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 8).  The Court **DISMISSES without prejudice** Defendants Amerco and U-Haul International, Inc., for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Signed the 10th day of May, 2006.

/s/          David   RHerndon
**United States District Judge**