IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID SANDERS,**

**Plaintiff,**

**v.**

**U-HAUL OF ARIZONA,**

**Defendant.**                                                  **No. 05-CV-0684-DRH**

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Before the Court is a motion submitted by Plaintiff David Sanders ("Plaintiff") for leave to file a first amended complaint. (Doc. 34.) Originally, Plaintiff brought suit in Madison County, Illinois against Defendants U-Haul International, Inc., U-Haul of Arizona, and Amerco for products liability, negligence, and breach of contract. (Doc. 2.) On September 26, 2005, Defendant U-Haul of Arizona removed this case, asserting that jurisdiction was proper due to diversity jurisdiction. (Doc. 1.) Then, on October 21, 2005, Plaintiff's counsel of record, Charles Chapman, withdrew as counsel. (Docs. 6, 7.) The Court allowed Plaintiff 120 days to have new counsel enter an appearance on his behalf, and on March 28, 2006 Attorney Thomas Maag entered his appearance on behalf of Plaintiff. (*Id.*) Roughly a month-and-a-half later, the Court dismissed Defendants U-Haul International and Amerco for lack of personal jurisdiction. (Doc. 28.)

Now, Plaintiff seeks to amend his original complaint to include claims against U-Haul of Florida, U-Haul of Illinois, and Republic Western Insurance Company, and to reassert a claim against U-Haul International.   (Doc. 34.) Defendant U-Haul of Arizona responds in opposition.  (Doc. 36.)

## II.  Analysis

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend pleadings is "freely given when justice so requires." **Fed. R. Civ. P. 15(a)**.  Under **28 U.S.C. § 1447(e)**, however, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."  **28 U.S.C. § 1447(e)**.  Several factors are typically considered by courts in deciding whether to allow joinder of additional parties after a case has been removed.  Those factors include (1) the plaintiff's motivation in seeking to join the additional party or parties, (2) the timeliness of the request, (3) the potential prejudice to the parties, and (4) the defendant's interest in a federal forum.  *See **Perez v. Arcobaleno Pasta Machs., Inc.**, 261 F. Supp. 2d 997, 1001 (N.D. Ill. 2003)*; ***Webster v. Black & Decker, Inc.**, No. 05-C-549, 2005 U.S. Dist. LEXIS 31658, at *7-8 (W.D. Wis. 2005)*; ***Roberts v. Standard Ins. Co.**, No. 04-C-2027, 2004 U.S. Dist. LEXIS 20797, at *7 (N.D. Ill. 2004)*; ***Smith v. Wal-Mart Stores, Inc.**, No. IP02-0444, 2003 U.S. Dist. LEXIS 289, at *4 (S.D. Ind. 2003)*.

With these factors in mind, the Court finds that Plaintiff's motion to

amend should be granted.  To begin with, the Court is unable to discern, from the documents now before it, any improper motivation on the part of Plaintiff in seeking to amend his Complaint to include claims against U-Haul of Illinois (the Defendant that would, as all parties acknowledge, destroy diversity in this case).  Although, as Defendant points out, Plaintiff's attempt to include claims against U-Haul of Illinois comes months after his Complaint was initially filed and after Defendant's removal to federal court, there are several factors here that lead this Court to believe Plaintiff's proposed amendment is not fraudulent or otherwise improper.

First of all, Plaintiff does not have the same attorney he had when this case commenced in Illinois state court.  Rather, that attorney, Charles Chapman, withdrew approximately two-and-a-half months after the case was filed and less than a month after removal to this court.  (Docs. 6, 7.)  Thereafter, Plaintiff represented himself for several months before obtaining new counsel, Thomas Maag, on March 28, 2006.  (Doc. 19.)  Plaintiff's initial motion to amend followed roughly two-and-a-half months later.  The Court does not think it unfair to assume that Plaintiff's new attorney now sees things differently than either Plaintiff (while proceeding pro se) or his former attorney did, particularly given the potentially confusing corporate hierarchy of U-Haul and its affiliated companies or independent companies filing the U-Haul as the case may be.

Second, Plaintiff's motion to amend is represented to be based on new discovery only recently obtained by his new attorney.  This information would not have been available to Plaintiff at an earlier date; in fact, according to Plaintiff's

attorney, it only became available after Plaintiff's initial motion for leave to amend was filed on June 15, 2006. (Doc. 34, ¶ 3.) Plaintiff's amended motion, which indicated that U-Haul Co. of Illinois was a party to be joined, was filed almost immediately thereafter, on June 28, 2006. (Doc. 34.)

Third and finally, it is not as though U-Haul of Illinois has no possible potential connection to this case. To the contrary; throughout this matter, Plaintiff has consistently maintained that he intended to return the truck he rented to a U-Haul facility in Illinois at the conclusion of the rental. (*See* Doc. 2, Pl. Compl., ¶ 1.) Given this fact, but also given that it is reasonable that Plaintiff would have failed to appreciate, at least to some degree, the exact role each U-Haul "affiliate" plays in a customer's rental of a vehicle or trailer, the Court finds that Plaintiff's desire now to amend his Complaint to include a claim against U-Haul Co. of Illinois is not necessarily improper, fraudulent, or untimely.

The Court further finds that any prejudice Defendant U-Haul Co. of Arizona will experience as a result of this case proceeding in Illinois state court along with any interest that Defendant has in federal court is outweighed by the need to allow Plaintiff to pursue full relief.

Therefore, based on the information now before it and after balancing the equities, the Court will grant Defendant leave to file his Amended Complaint.[1]

---

[1] This, of course, will both destroy diversity jurisdiction, *see* **28 U.S.C. § 1332**, and result in remand of this matter back to Madison County Circuit Court, *see* **28 U.S.C. §§ 1447(c)**, **(e)**. That court may have the opportunity to examine the liability of U-Haul of Illinois more closely. If it does, and if this case is

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's first amended motion to amend his complaint (Doc. 34) and **ALLOWS** Plaintiff to file an amended complaint in this matter.  Furthermore, since this amended complaint will destroy this Court's jurisdiction, *see* **28 U.S.C. § 1332**, the Court **INSTRUCTS** the Clerk that following Plaintiff's entry of his Amended Complaint, this case is to be **REMANDED** to Madison County Circuit Court, after the expiration of 10 days unless during that intervening time period a motion to reconsider has been filed.

**IT IS SO ORDERED**.

Signed this 28th day of July, 2006.

/s/          David   RHerndon
**United States District Judge**

---

subsequently removed back to this Court due to the fact that U-Haul of Illinois has no liability to Plaintiff and was joined to this action merely as a means for Plaintiff to sidestep federal diversity jurisdiction, the Court alerts Plaintiff's counsel to the possibility that Rule 11 sanctions might be available.  *See* **Fed. R. Civ. P. 11(b)**.